UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| PRTAYLOR ENTERPRISES LLC d/b/a ) | |
| FATHER & SON MOVING & STORAGE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

# COMPLAINT

The United States of America ("United States") alleges as follows:

## INTRODUCTION AND NATURE OF ACTION

1. The United States brings this action under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, against PRTaylor Enterprises LLC d/b/a Father & Son Moving & Storage.

2. The purpose of the SCRA is to provide certain protections to servicemembers so that they can devote themselves fully to the Nation's defense. One of these protections is that a storage company cannot auction off a servicemember's possessions during, or within ninety days after, a period of military service without a court order. 50 U.S.C. § 3958. Any court reviewing such a matter may delay the auction or adjust the amount of the servicemember's obligation to the storage company. *Id.* at § 3958(b).

3. When a storage company fails to obtain a court order prior to auctioning off a servicemember's possessions, that servicemember is deprived of his or her right to have a court decide whether to postpone the sale or adjust the amount of the fees charged to the servicemember.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. § 4041.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Defendant is headquartered and conducts business in the District of Massachusetts, and under 28 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in the District of Massachusetts.

## PARTIES

6. Defendant PRTaylor Enterprises LLC is a Massachusetts limited liability company in good standing with a principal address of 45 Dunham Road, Suite 104, Billerica, Massachusetts. Defendant provides moving and storage services. At all times relevant to this complaint, Defendant also conducted business as Father & Son Moving & Storage.

7. Defendant's principal business location is less than seven miles from Hanscom Air Force Base, home to the 66th Air Base Group which secures, supports, and sustains more than 5,000 active-duty, Reserve, and National Guard personnel.

## FACTUAL ALLEGATIONS

8. From June 11, 2007 to the present, Technical Sergeant (TSgt.) Charles "Charlie" Cornacchio has been a full-time active member of the United States Air Force.

9. In December 2018, while TSgt. Cornacchio was assigned to Hanscom Air Force Base, he received military orders to deploy to the State of Qatar, effective February 2019.

10. On February 5, 2019, TSgt. Cornacchio entered into two contracts with Defendant to move his personal property from his home on Hanscom Air Force Base into two storage "vaults" at Defendant's facility at 45A Dunham Road in Billerica, Massachusetts. The

contracts gave Defendant a storage lien on TSgt. Cornacchio's personal property, in exchange for TSgt. Cornacchio's agreement to pay for the moving and storage for the six months he was deployed to Qatar.

11. On February 5, 2019, TSgt. Cornacchio signed a form authorizing Defendant to charge his credit card $2,190.64.

12. On about February 5, 2019, Defendant acknowledged in writing that TSgt. Cornacchio had paid Defendant $2,190.64, including $300.00 for "storage."

13. Defendant knew that TSgt. Cornacchio was an active duty member of the United States Air Force prior to February 5, 2019. TSgt. Cornacchio told Defendant's agent about his military status during a telephone call to schedule the move of his belongings and provided Defendant with his address on Hanscom Air Force Base. Additionally, on February 5, 2019, Defendant's agents moved TSgt. Cornacchio's belongings from his residence on Hanscom Air Force Base. While Defendant's agents were packing and moving TSgt. Cornacchio's possessions, TSgt. Cornacchio was present and was wearing a United States Air Force uniform.

14. The personal possessions that TSgt. Cornacchio stored with Defendant included irreplaceable items of significant sentimental value, including military gear and mementos that had belonged to his cousin who was killed in action while serving in the military, his grandfather's military service medals, a dresser that was handmade by his great-grandfather, and his personal photographs.

15. On February 13, 2019, TSgt. Cornacchio deployed to Qatar under orders from the United States Air Force.

16. On July 8, 2019, Defendant auctioned the entire contents of the storage vaults

rented by TSgt. Cornacchio to a private purchaser without obtaining a court order authorizing the auction.

17.  On or about August 5, 2019, almost a month after his possessions were auctioned off, and while he was still serving in Qatar, TSgt. Cornacchio received notice for the first time from Defendant that that his account was allegedly in arrears.  The "Sale Notice" he received in Qatar was addressed to him at his previous address of record on Hanscom Air Force Base.

18.   Defendant has no policies or procedures in place to prevent it from auctioning off servicemembers' property without court orders.

19.  At all times relevant to this complaint, the Department of Defense provided individuals and entities seeking to comply with the SCRA a free automated database run by the Defense Manpower Data Center ("DMDC database") to check whether an individual is an SCRA-protected servicemember using either an individual's Social Security Number or date of birth.

20.  At all times relevant to this complaint, Defendant's policies and procedures did not include checking the DMDC database to determine a customer's military status prior to auctioning off or otherwise disposing of that customer's personal property without a court order.

21.  At all times relevant to this complaint, Defendant's policies and procedures did not include using any commercially available databases to match customer information to Social Security Numbers or dates of birth prior to auctioning off or otherwise disposing of customers' personal property without court orders.

### SERVICEMEMBERS CIVIL RELIEF ACT VIOLATIONS

22.  The SCRA provides that a "person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90

days thereafter, foreclose or enforce any lien on such property or effects *without a court order granted before foreclosure or enforcement.*" 50 U.S.C. § 3958(a)(1) (emphasis added). There is no requirement that a servicemember inform the lien holder of his or her military service.

23. For purposes of 50 U.S.C. § 3958(a)(1), "the term 'lien' includes a lien for storage, repair, or cleaning of the property or effects of a servicemember or a lien on such property or effects for any other reason." 50 U.S.C. § 3958(a)(2).

24. Defendant's auctioning of TSgt. Cornacchio's personal property without a court order is a violation of the SCRA that raises an issue of significant public importance under 50 U.S.C. § 4041(a)(2).

25. TSgt. Cornacchio is a "person aggrieved" pursuant to 50 U.S.C. § 4041(b)(2), and has suffered damages as a result of Defendant's conduct.

26. Defendant's conduct was intentional, willful, and taken in reckless disregard for the rights of TSgt. Cornacchio.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that the Court enter an ORDER that:

1. Declares that Defendant's conduct violated the SCRA;

2. Enjoins Defendant, its agents, employees, and successors, and all other persons and entities in active concert or participation with them, from:

    a. auctioning off or otherwise disposing of the personal property of SCRA-protected servicemembers without court orders, in violation of the SCRA, 50 U.S.C. § 3958;

    b. failing or refusing to take such affirmative steps as may be necessary to

    restore, as nearly as practicable, TSgt. Cornacchio to the position he would have been in but for Defendant's illegal conduct; and

  c. failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of Defendant's illegal conduct;

3. Awards appropriate monetary damages to TSgt. Cornacchio, pursuant to 50 U.S.C. § 4041(b)(2); and

4. Assesses civil penalties against Defendant in order to vindicate the public interest, pursuant to 50 U.S.C. § 4041(b)(3).

5. The United States further requests such additional relief as the interests of justice may require.

Dated: August 18, 2020

                Respectfully submitted,

| | |
|---|---|
| ANDREW E. LELLING<br>United States Attorney<br>District of Massachusetts | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| */s/ Torey B. Cummings*<br>TOREY B. CUMMINGS, BBO #664549<br>Assistant United States Attorney<br>United States Attorney's Office<br>Moakley U.S. Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, Massachusetts 02210<br>Phone: (617) 748-3281<br>Email: torey.cummings@usdoj.gov | */s/ Tanya I. Kirwan*<br>SAMEENA SHINA MAJEED, Chief<br>ELIZABETH A. SINGER, Director<br>U.S. Attorneys' Fair Housing Program<br>TANYA I. KIRWAN, Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M Street, N.E., Suite 8.125<br>Washington, D.C. 20530<br>Phone: (202) 305-4973<br>Email: tanya.kirwan@usdoj.gov |